UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SCOT BUILDING VENTURE LLC; and RSBV Pathway LLC<br><br>Plaintiffs,<br><br>-against-<br><br>CREATIVE WEALTH MEDIA FINANCE CORP; and JASON CLOTH<br><br>Defendants. | Civil Case No.<br><br>ECF Case<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Robert Scot Building Venture LLC ("RSBV") and RSBV Pathway LLC ("RSBVP") (collectively, "Plaintiffs"), for their Complaint against defendants Creative Wealth Media Finance Corp. ("CWMF") and Jason Cloth ("Cloth," and collectively with CWMF, "Defendants"), respectfully allege as follows:

## NATURE OF ACTION

1. This action arises out of Defendant CWMF's longstanding failure to repay over thirteen million dollars that were loaned by Plaintiffs, as well as Defendant Cloth's fraudulent misrepresentations made in connection with those loans.

2. Plaintiff RSBV entered into a series of agreements with CWMF, pursuant to which RSBV loaned millions of dollars to CWMF for the production of seven films: *Ghostbusters, Monkey Man, Gossamer, Hailey and the Hero Heart, Bubbles Hotel, Young Bear Grylls,* and *Fables* (the "Films").

3. Even as CWMF failed to pay back any of the monies loaned by RSBV in connection with the Films, CWMF's principal, Defendant Cloth, made a series of fraudulent

1

misrepresentations to Plaintiffs' principal, Robert Harris, in order to induce Plaintiff RSBVP to make an additional loan – in the amount of over six million dollars – for a television series called *Pathway*.

4. Because CWMF has thus far failed to repay Plaintiffs even a single penny of what is owed under any of the loans, Plaintiffs have been left with no choice but to file this lawsuit – despite Cloth's threat that Plaintiffs would never get paid back if they filed suit.

5. Through this action, Plaintiffs seek to hold Cloth and CWMF liable for their respective fraud and breaches of contract, and to recover the substantial sums owed in connection with the Films and *Pathway* (totaling approximately $13,573,024), plus interest, punitive damages, and attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff RSBV is a Florida limited liability company with its principal place of business in Jupiter, Florida. Each of RSBV's members is a citizen of the United States of America.

7. Plaintiff RSBVP is a Florida limited liability company with its principal place of business in Jupiter, Florida. Each of RSBVP's members is a citizen of the United States of America.

8. Upon information and belief, Defendant CWMF is a Canadian corporation with its principal place of business in Ontario, Canada and transacting business in the State of New York.

9. Upon information and belief, Defendant Cloth is an individual residing in Ontario, Canada and transacting business in the State of New York.

10. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this action is between citizens of the State of Florida and citizens of Canada and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     This Court has personal jurisdiction over Defendants because Defendants do substantial business in the state of New York, such that their contacts with New York are continuous and systematic. Further, Defendants' continuous and systematic contacts are related to this action.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants regularly and systematically conduct business in the Southern District of New York, and are thus subject to personal jurisdiction here. Indeed, Defendants are already engaged in litigation in this District arising out of alleged misconduct remarkably similar to the events at issue in this case.

## RELEVANT FACTS

### *The Film Term Sheets*

13.     Plaintiff RSBV entered into a series of term sheets from July 2019 to May 2020 (collectively, the "Term Sheets") wherein Plaintiff RSBV loaned Defendants monies to finance the Films. More specifically:

    **A.     Ghostbusters**

14.     Plaintiff RSBV and Defendant CWMF are parties to the binding written "Financing Term Sheet" for the film titled *Ghostbusters*, dated as of July 29, 2019 (the "Ghostbusters Term Sheet").

15.     Pursuant to the express provisions of the Ghostbusters Term Sheet, Plaintiff RSBV loaned Defendant CWMF the sum of $1,000,000 (the "Ghostbusters Loan").

16.     Also pursuant to the express provisions of the Ghostbusters Term Sheet, Defendant CWMF agreed to repay the entirety of the Loan plus a guaranteed 11% interest rate per annum (collectively, the "Ghostbusters Loan Repayment Amount").

### B. Monkey Man

17. Plaintiff RSBV and Defendant CWMF are parties to the binding written "Financing Term Sheet" for the film titled *Monkey Man*, dated as of January 14, 2020 (the "MM Term Sheet").

18. Pursuant to the express provisions of the MM Term Sheet, Plaintiff RSBV loaned Defendant CWMF the sum of $750,000 (the "MM Loan").

19. Also pursuant to the express provisions of the MM Term Sheet, Defendant CWMF agreed to repay the entirety of the Loan plus an accelerated recoupment rate of 10% (collectively, the "MM Loan Repayment Amount").

### C. Gossamer

20. Plaintiff RSBV and Defendant CWMF are parties to the binding written "Financing Term Sheet" for the film *Gossamer*, dated as of April 21, 2020 (the "Gossamer Term Sheet").

21. Pursuant to the express provisions of the Gossamer Term Sheet, Plaintiff RSBV loaned Defendant CWMF the sum of $250,000 (the "Gossamer Loan").

22. Also pursuant to the express provisions of the Gossamer Term Sheet, Defendant CWMF agreed to repay the entirety of the Gossamer Loan plus 10% interest (collectively, the "Gossamer Loan Repayment Amount"), by no later than October 21, 2021.

### D. Hailey and the Hero Heart

23. Plaintiff RSBV and Defendant CWMF are parties to the binding written "Financing Term Sheet" for the film *Hailey and the Hero Heart,* dated as of April 21, 2020 (the "HHH Term Sheet 1").

24. Pursuant to the express provisions of HHH Term Sheet 1, Plaintiff RSBV loaned Defendant CWMF the sum of $250,000 (the "HHH Loan 1").

25. Plaintiff RSBV and Defendant CWMF are also parties to a second binding written

"Financing Term Sheet" for the film *Hailey and the Hero Heart,* dated as of April 21, 2020 (the "HHH Term Sheet 2").

26. Pursuant to the express provisions of the HHH Term Sheet 2, Plaintiff RSBV loaned Defendant CWMF the sum of $750,000 (the "HHH Loan 2" and collectively with the HHH Loan 1, the "HHH Loans").

27. Also pursuant to the express provisions of HHH Term Sheets 1 and 2, Defendant CWMF agreed to repay the entirety of the HHH Loans plus 10% interest (collectively, the "HHH Loan Repayment Amount"), by no later than April 21, 2022.

### E. Bubbles Hotel

28. Plaintiff RSBV and Defendant CWMF are parties to the binding written "Financing Term Sheet" for the film *Bubbles Hotel,* dated as of May 2020 (the "Bubbles Term Sheet 1").

29. Pursuant to the express provisions of the Bubbles Term Sheet 1, Plaintiff RSBV loaned Defendant CWMF the sum of $250,000 (the "Bubbles Loan 1")

30. Plaintiff RSBV and Defendant CWMF are also parties to a second binding written "Financing Term Sheet" for the film *Bubbles Hotel,* dated as of May 2020 (the "Bubbles Term Sheet 2").

31. Pursuant to the express provisions of the Bubbles Term Sheet 2, Plaintiff RSBV loaned Defendant CWMF the sum of $750,000 (the "Bubbles Loan 2" and collectively with the Bubbles Loan 1, the "Bubbles Loans").

32. Also pursuant to the express provisions of Bubbles Term Sheets 1 and 2, Defendant CWMF agreed to repay the entirety of the Bubbles Loans plus 10% interest (collectively, the "Bubbles Loan Repayment Amount") by no later than May 2022.

5

### F.  Young Bear Grylls

33. Plaintiff RSBV and Defendant CWMF are parties to the binding written "Financing Term Sheet" for the animated film trilogy titled *Young Bear Grylls*, dated as of May 4, 2020 (the "YBG Term Sheet").

34. Pursuant to the express provisions of the YBG Term Sheet, Plaintiff RSBV loaned Defendant CWMF the sum of $1,000,000 (the "YBG Loan").

35. Also pursuant to the express provisions of the YBG Term Sheet, Defendant CWMF agreed to repay the entirety of the Loan plus 10% interest (collectively, the "YBG Loan Repayment Amount"), by no later than November 4, 2021.

### G.  Fables

36. Plaintiff RSBV and Defendant CWMF are also parties to a binding written "Financing Term Sheet" for the film *Fables,* dated as of April 17, 2020 (the "Fables Term Sheet 1").

37. Pursuant to the express provisions of the Fables Term Sheet 1, Plaintiff RSBV loaned Defendant CWMF the sum of $750,000 (the "Fables Loan 1").

38. Plaintiff RSBV and Defendant CWMF are also parties to a second binding written "Financing Term Sheet" for the film *Fables,* entered into on or around May 30, 2020 (the "Fables Term Sheet 2").

39. Pursuant to the express provisions of the Fables Term Sheet 2, Plaintiff RSBV loaned Defendant CWMF the sum of $250,000 (the "Fables Loan 2" and collectively with the Fables Loan 1, the "Fables Loans").

40. Also pursuant to the express provisions of Fables Term Sheets 1 and 2, Defendant CWMF agreed to repay the entirety of the Fables Loans plus 10% interest (collectively, the "Fables

Loan Repayment Amount"), by no later than November 30, 2021.

41. The Ghostbusters Term Sheet, MM Term Sheet, Gossamer Term Sheet, HHH Term Sheets 1 and 2, Bubbles Hotel Term Sheets 1 and 2, YBG Term Sheet, and Fables Term Sheets 1 and 2, shall hereafter collectively be referred to as the "Film Term Sheets."

### *Cloth's Fraudulent Misrepresentations*

42. As of the beginning of 2021, Plaintiff RSBV had still not received back any of the monies loaned pursuant to the Film Term Sheets. However, when RSBV's principal, Robert Harris, requested information pertaining to the status of payment, Defendant Cloth made numerous misrepresentations in order to assure Harris that payment was forthcoming, and to induce him to invest monies in additional projects.

43. First, Defendant Cloth told Harris in a February 24, 2021 email that the Fables Loans, Bubbles Loans, and HHH Loans would be repaid, "worst case" scenario, by the third quarter of 2021 – even though RSBV is informed and believes that Defendant Cloth knew at that time (based on the actual status of the corresponding Films) that there was no way payment would be made by the third quarter of 2021.

44. Second, Defendant Cloth told Harris in a February 24, 2021 email that there was "zero" risk associated with the Fables Loans, Bubbles Loans, and HHH Loans – even though RSBV is informed and believes that Defendant Cloth knew at that time (based on the actual status of the corresponding Films) that there was a substantial likelihood that those loans would not be timely repaid.

45. Third, Defendant Cloth told Harris in a February 24, 2021 email that the MM Loan would be repaid by "late summer" of 2021 at the latest – even though RSBV is informed and believes that Defendant Cloth knew at that time (based on the actual status of *Monkey Man*) that

there was no way payment would be made by "late summer" of 2021.

46. Further, in or around the beginning of May 2021, Defendant Cloth told Harris on the phone that a television series titled *Pathway* had already been "greenlit" for five seasons and that Harris should therefore invest in that project. Plaintiffs are informed and believe that Defendant Cloth made this representation to Harris knowing it was false because at the time, *Pathway* had only been "greenlit" for a single season.

47. Defendant Cloth made the above-described representations for the purpose of inducing Harris, through his entity RSBVP, to invest over $6 million in the series *Pathway*. In reliance on these statements made by Defendant Cloth, RSBVP did invest in *Pathway*.

### *The Pathway Term Sheet*

48. Plaintiff RSBVP and Defendant CWMF are parties to the binding written "Financing Term Sheet" for the series *Pathway*, dated as of May 19, 2021 (the "Pathway Term Sheet").

49. Pursuant to the express provisions of the Pathway Term Sheet, RSBVP (funded entirely by Plaintiff RSBV and Harris) loaned CWMF the sum of $6,573,024 (the "Pathway Loan").

50. Also pursuant to the express provisions of the Pathway Term Sheet, CWMF agreed to repay the entirety of the Loan plus 15% interest (collectively, the "Pathway Loan Repayment Amount").

### **FIRST CLAIM FOR RELIEF**

**(Breach of Contract – Plaintiffs Against Defendant CWMF)**

51. Plaintiffs incorporate by reference Paragraphs 1-50 above as though fully set forth herein.

7317-2

52. Plaintiff RSBV and Defendant CWMF are parties to the Film Term Sheets.

53. Plaintiff RSBVP and Defendant CWMF are parties to the Pathway Term Sheet.

54. Plaintiffs have performed all of their obligations under the Film Term Sheets and Pathway Term Sheet.

55. Defendant CWMF, on the other hand, has breached the Film Term Sheets and Pathway Term Sheet by failing and refusing to repay any of the monies loaned thereunder.

56. As a result of Defendant CWMF's breach of the Film Term Sheets and Pathway Term Sheet, Defendant CWMF has caused damage to Plaintiffs in the amount of the remaining Gossamer, HHH, Bubbles, Fables, Pathway, YBG, MM, and Ghostbusters Loan Repayment Amounts, plus the applicable interest rates from the applicable repayment deadlines, as detailed above.

## SECOND CLAIM FOR RELIEF

### (Fraud – Plaintiff RSBVP Against Defendant Cloth)

57. Plaintiffs incorporate by reference Paragraphs 1-50 above as though fully set forth herein.

58. On or around February 24, 2021, Defendant Cloth made the following written representations to Harris, the principal of RSBVP: (1) that the Fables Loans, Bubbles Loans, and HHH Loans would be repaid, "worst case" scenario, by the third quarter of 2021; (2) that there was "zero" risk associated with the Fables Loans, Bubbles Loans, and HHH Loans; and (3) that the MM Loan would be repaid by "late summer" of 2021 at the latest.

59. In or around the beginning of May 2021, Defendant Cloth told Harris on the phone that *Pathway* had already been "greenlit" for five seasons.

60. As alleged, Plaintiff RSBVP is informed and believes that Defendant Cloth knew

the above representations were false at the time they were made.

61. Plaintiff RSBVP is informed and believes that Defendant Cloth's representations were made with the intent that RSBVP rely on the representations, and to induce Plaintiff RSBVP to invest substantial monies in *Pathway*.

62. Plaintiff RSBVP reasonably relied on Defendant Cloth's representations.

63. As a direct, foreseeable, and proximate result of Defendant Cloth's fraud described herein, Plaintiff RSBVP has been damaged in an amount to be proven at the time of trial, but believed to be in excess of $6,573,024.

64. Plaintiff RSBVP is informed and believes, and on that basis alleges, that Defendant Cloth, in doing the things herein alleged, acted willfully, maliciously, oppressively and despicably with the full knowledge of the adverse effect of their actions on Plaintiff RSBVP, and with willful and deliberate disregard of the consequences to Plaintiff RSBVP such as to constitute oppression, fraud or malice.  By reason thereof, Plaintiff RSBVP is entitled to recover punitive and exemplary damages from Defendant Cloth in an amount appropriate to punish or set an example of Defendant Cloth and to deter Defendant Cloth from engaging in such conduct in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order and judgment in favor of Plaintiffs against Defendants, containing the following relief:

1. On the First Claim for Relief for Breach of Contract, awarding Plaintiffs damages in amount to be established at trial but no less than $13,573,024 to compensate Plaintiffs for the monetary losses they have suffered;

2. On the Second Claim for Fraud, awarding Plaintiff RSBVP damages in amount to be established at trial but no less than $6,573,024 to compensate Plaintiff RSBVP for the monetary

losses it has suffered;

   3. On the Second Claim for Fraud, awarding Plaintiff RSBVP punitive and exemplary damages in amount to be established at trial;

   4. Awarding Plaintiffs interest on their damages pursuant to CPLR §§ 5001-5004;

   5. Awarding Plaintiffs attorneys' fees and costs to the extent permitted under the law; and

   6. Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: December 6, 2022     LAVELY & SINGER
              PROFESSIONAL CORPORATION

              By: */s/* *Todd S. Eagan*
                Todd S. Eagan (TE4298)
                David B. Jonelis (*pro hac vice*)
                Kelsey J. Leeker (*pro hac vice*)
                2049 Century Park East, Suite 2400
                Los Angeles, California 90067
                Tel.: (310) 556-3501
                Email: teagan@lavelysinger.com
                     djonelis@lavelysinger.com
                     kleeker@lavelysinger.com

                *Attorneys for Plaintiffs Robert Scot Building Venture LLC and RSBV Pathway LLC*

7317-2

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury.

Dated:  December 6, 2022

LAVELY & SINGER
PROFESSIONAL CORPORATION


By:   */s/      Todd S. Eagan*
Todd S. Eagan (TE4298)
David B. Jonelis (*pro hac vice*)
Kelsey J. Leeker (*pro hac vice*)
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: (310) 556-3501
Email: teagan@lavelysinger.com
djonelis@lavelysinger.com
kleeker@lavelysinger.com

*Attorneys for Plaintiffs Robert Scot Building Venture LLC and RSBV Pathway LLC*

7317-2